UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MANUEL COCONE,<br><br>Plaintiff,<br><br>-against-<br><br>MARIO'S RESTAURANT INC. d/b/a MARIO'S RESTAURANT and REGINA MIGLIUCCI-DELFINO a/k/a REGINA DELFINO,<br><br>Defendants. | **COMPLAINT** |

Plaintiff Manuel Cocone ("Plaintiff" or "Cocone"), by his attorneys Pechman Law Group PLLC, complaining of Defendants Mario's Restaurant Inc. d/b/a Mario's Restaurant and Regina Migliucci-Delfino a/k/a Regina Delfino (collectively, "Defendants"), alleges:

## NATURE OF THE COMPLAINT

1. Defendants employed Cocone as a busser and server at Mario's Restaurant, the oldest traditional Italian-American restaurant in on Arthur Avenue in the Bronx. Although Cocone regularly worked well in excess of forty hours per workweek, Defendants paid him on a straight-time basis that failed to compensate him at the required statutory minimum wage rate for hours worked up to forty per workweek and deprived him of the required overtime premium for hours worked over forty per workweek. At different points during his employment, Defendants underpaid Cocone by shaving his hours and paying him subminimum wages despite failing to provide the required tip credit notice and unlawfully retaining a portion of his tips. Defendants also failed to provide Cocone with spread-of-hours pay when he worked shifts spanning over ten hours.

2. Plaintiff brings this action to recover from Defendants his unpaid minimum and overtime wages, misappropriated tips, spread-of-hours pay, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the New York Labor Law § 190, *et seq*. ("NYLL").

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because Mario's Restaurant is located and operated by Defendants in the Southern District of New York and the events giving rise to Plaintiff's claims occurred in the Southern District of New York.

## THE PARTIES

**Plaintiff Manuel Cocone**

5. Cocone resides in Bronx County, New York.

6. Defendants employed Cocone as a busser and server from approximately 2014 until September 18, 2026.

**Defendant Mario's Restaurant Inc.**

7. Defendant Mario's Restaurant Inc. is a New York corporation that owns, operates, and does business as Mario's Restaurant, an Italian restaurant located at 2342 Arthur Avenue, Bronx, New York 10458.

8. New York State Liquor Authority filings reflect that Mario's Restaurant Inc. does business as Mario's Restaurant and maintains an active liquor license at 2342 Arthur Avenue, Bronx, New York 10458.

9. Founded in 1919 by Delfino's great-great grandmother, Scolastica Migliucci, Mario's Restaurant is thought to be the oldest restaurant in the Bronx's historic "Little Italy."

10. During his employment, Defendants paid Cocone's wages via direct-deposit bank transfers issued by Mario's Restaurant Inc.

11. Throughout Plaintiff's employment, Mario's Restaurant had employees, including Plaintiff, engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Mario's Restaurant Inc. has had an annual gross volume of sales in excess of $500,000.

**Defendant Regina Migliucci-Delfino**

13. Defendant Regina Migliucci-Delfino ("Delfino") is the owner and principal of Mario's Restaurant.

14. Delfino is listed as a principal of Mario's Restaurant in New York State Liquor Authority filings.

15. Delfino has held herself out to the public and the New York State Restaurant Association as the owner of Mario's Restaurant. *See e.g.* NEW YORK STATE RESTAURANT ASSOCIATION, NYSRA's 2026 10 Women to Watch (https://www.nysra.org/education-events/women-in-hospitality/nysras-2026-10-women-to-watch/) (last accessed November 5, 2026).

16. Delfino held and exercised power and authority over personnel decisions, at Mario's Restaurant, including the authority to hire and fire employees, set employee wage rates, and maintain personnel records.

17. Delfino and her father, Joseph Migliucci, hired Cocone.

18. Delfino set Cocone's and other employee's schedule and wage rates.

19. Throughout Cocone's employment, Delfino was regularly present at Mario Restaurant and supervised the work of employees, including Cocone.

20. Delfino exercised sufficient control over Mario's Restaurant operations and Cocone's employment to be considered Cocone's employer under the FLSA and the NYLL.

**FACTUAL ALLEGATIONS**

21. Cocone worked as a busser and server at Mario's Restaurant.

22. Conone started work as a busser at Mario's Restaurant in 2014, and in approximately 2017 was promoted to server.

23. While his schedule varied, from 2014 through approximately July 2026, Cocone regularly worked: (i) ten-hour shifts, from 11:00 a.m. to 9:00 p.m., Tuesday and Sunday, (ii) five- or eight-hour shifts, from 11:00 a.m. to 4:00 p.m. or 7:00 p.m., Wednesday and Thursday, (iii) a six-hour shift, from 4:00 p.m. to 10:00 p.m., Friday, and (iv) an eleven-hour shift, from 11:00 a.m. to 10:00 p.m., Saturday, totaling between forty-seven and fifty-three hours per workweek.

24. From August 2026 to the end of his employment, Cocone regularly worked: (i) a six-hour shift, from 4:00 p.m. to 10 p.m., Friday, (ii) ten-hour shifts, from 11:00 a.m. to 9:00 p.m., Tuesday and Sunday, and (iii) an eleven-hour shift, from 11:00 a.m. to 10:00 p.m., Saturday, totaling approximately thirty-seven hours per workweek.

25. Throughout his employment, Defendants failed to pay Cocone at the required statutory minimum wage rate for hours worked up to forty per workweek.

26. Throughout his employment, Defendants failed to compensate Cocone with overtime pay of 1.5 times his regular wage rate, which shall not be less than the statutory minimum wage rate, for hours worked over forty per workweek.

27. From approximately 2020 to March 16, 2021, Defendants paid Cocone $10.20 per hour, including for hours worked over forty per workweek.

28. For example, for the workweek of July 22 to 28, 2020, Cocone worked sixty-two hours, and Defendants paid him $10.20 per hour, including for hours worked over forty.

29. From approximately March 17, 2021 to approximately March 2022, Defendants paid Cocone $10.50 per hour, including for hours worked over forty per workweek.

30. For example, for the workweek of May 26 to June 1, 2021, Cocone worked fifty-two hours, and Defendants paid him $10.50 per hour, including for hours worked over forty.

31. From approximately April 2022 to approximately December 2023, Defendants paid Cocone $13.20 per hour, including for hours worked over forty per workweek.

32. For example, for the workweek of August 31 to September 6, 2022, Cocone worked fifty-four hours, and Defendants paid him $13.20 per hour, including for hours worked over forty.

33. From approximately January 2024 to the end of his employment, Defendants paid Cocone $16 per hour, including for hours worked over forty per workweek.

34. For example, for the workweek of April 16 to 22, 2025, Cocone worked fifty-six hours, and Defendants paid him $16 per hour, including for hours worked over forty.

35. To the extent Defendants may claim to have applied a tip credit against Cocone's minimum wage rate, Defendants' application of any such tip credit was unlawful because Defendants: (i) failed to provide the required tip credit notice for such application at the time of Cocone's hire or thereafter, and (ii) unlawfully misappropriated portions of Cocone's tips.

36. Specifically, Defendants regularly retained $2-3 in credit card tips for each hour worked per week from all front-of-the-house workers' credit cards tips, including Cocone's.

37. Defendants also retained credit card tips left by customers on take-out orders.

38. When there were large parties, Delfino also retained portions of cash tips left by customers.

39. Defendants did not provide Cocone with a written notice of the tip credit amount claimed against his wages at his time of hiring or when his wage rate changed.

40. Defendants did not provide Cocone with an accompanying wage statement with each payment of wages accurately reflecting, *inter alia*, his total hours worked, hourly rates paid, and the tip credit amount claimed against his wages

41. Defendants regularly shaved time from Cocone's wages and did not pay him for all hours worked by under-reporting his total weekly hours worked on his paychecks.

42. For example, for the workweek of October 6 to 12, 2021 Cocone worked 53.51 hours, but Defendants only paid him for 50 hours at $10.50 per hour, including for hours worked over forty.

43. For the workweek of October 13 to 19, 2021, Cocone worked 47.57 hours, but Defendants only paid him for 44 hours at $10.50 per hour, including for hours worked over forty.

44. Defendants did not pay Cocone spread-of-hours pay on days that he worked shifts spanning over ten hours.

**FIRST CLAIM**
**(NYLL – Unpaid Minimum Wages)**

45. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

46. Defendants are employers within the meaning of NYLL §§ 190(3), 651(6), and supporting New York State Department of Labor ("NYDOL") regulations and employed Plaintiff.

47. The NYLL and supporting NYDOL regulations, including 12 NYCRR § 146-1.2, require employers to pay employees at least the minimum wage rate for each hour worked up to forty per workweek.

48. Defendants failed to pay Plaintiff the minimum wages to which he was entitled under the NYLL.

49. Defendants willfully violated the NYLL by failing to pay Plaintiff minimum wages.

50. As a result of Defendants' violations of the NYLL, Plaintiff is entitled to recover his unpaid minimum wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs

**SECOND CLAIM**
**(FLSA – Unpaid Overtime Wages)**

51. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

52. Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a) and employed Plaintiff.

53. Defendants were required to pay Plaintiff one and one-half (1½) times his regular wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

54. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

55. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the required overtime wage rate.

56. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and did not make a good faith effort to comply with the FLSA with respect to Plaintiff's compensation.

57. As a result of Defendants' violations of the FLSA, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**THIRD CLAIM**
**(NYLL – Unpaid Overtime Wages)**

58. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

59. Under the NYLL and supporting NYDOL regulations, including 12 NYCRR § 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay, which shall not be less than the minimum wage rate, for all hours worked in excess of forty per workweek.

60. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

61. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

62. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest.

**FOURTH CLAIM**
**(FLSA – Misappropriation of Tips)**

63. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

64. 29 U.S.C. §203(m)(2)(B) prohibits employers from retaining tips received by employees for any purpose, including allowing managers or supervisors to keep any portion of employees' tips.

65. Defendants had a policy and practice of unlawfully retaining portions of Plaintiff's tips as described in this Complaint.

66. Defendants willfully violated the FLSA by instituting a policy and practice of unlawfully retaining a portion of the tips earned by Plaintiff.

67. As a result of Defendants willful violations of the FLSA, Plaintiff is entitled to recover his misappropriated tips, liquidated damages, attorneys' fees and costs, and pre-judgment and post-judgment interest

**FIFTH CLAIM**
**(NYLL – Misappropriation of Tips)**

68. Plaintiff repeats and realleges all foregoing paragraphs by reference.

69. NYLL § 196–d and supporting regulations prohibit employers from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee.

70. Defendants unlawfully retained portions of the tips earned by Plaintiff in violation of NYLL § 196–d.

71. As a result of Defendants' willful violations of NYLL § 196-d, Plaintiff is entitled to recover his misappropriated tips, liquidated damages, attorneys' fees and costs, and prejudgment and post-judgment interest.

**SIXTH CLAIM**
**(NYLL – Unpaid Spread-of-Hours Pay)**

72. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

73. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which his shifts spread over more than ten hours, in violation of the NYLL and its supporting NYDOL regulations, including 12 NYCRR § 146-1.6.

74. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover his unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

a. declaring that Defendants have violated the minimum wage provisions of the NYLL and supporting regulations;

b. declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and supporting regulations;

c. declaring that Defendants have unlawfully retained tips in violation of the FLSA, NYLL, and supporting regulations;

d. declaring that Defendants violated the spread-of-hours pay provision of the NYLL and supporting regulations;

e. declaring that Defendants' violations of the FLSA and the NYLL were willful;

f. enjoining and permanently restraining Defendants from further violations of the FLSA and NYLL;

g. awarding Plaintiff damages for unpaid minimum and overtime wages;

h. awarding Plaintiff the amount of his unlawfully retained tips;

i. awarding Plaintiff damages for unpaid spread-of-hours pay;

j. awarding Plaintiff liquidated damages pursuant to the FLSA and the NYLL;

k. awarding Plaintiff pre- and post-judgment interest;

l. awarding Plaintiff reasonable attorneys' fees and costs; and

m. awarding such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: New York, New York
November 6, 2026

PECHMAN LAW GROUP PLLC

By: ______________________________

Louis Pechman
Galen C. Baynes
Rachell Henriquez
Pechman Law Group PLLC
488 Madison Avenue - 17th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
baynes@pechmanlaw.com
henriquez@pechman.com
*Attorneys for Plaintiff*